IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MARSTEAL JOHNSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 17-884 |
| | ) |
| NANCY A. BERRYHILL, ACTING | ) |
| COMMISSIONER OF SOCIAL SECURITY, | ) |
| | ) |
| Defendant. | ) |

O R D E R

AND NOW, this 19th day of September, 2018, upon consideration of the parties' cross motions for summary judgment, the Court, upon review of the Acting Commissioner of Social Security's final decision, denying Plaintiff's claim for disability insurance benefits under Subchapter II of the Social Security Act, 42 U.S.C. § 401 et seq., and denying Plaintiff's claim for supplemental security income benefits under Subchapter XVI of the Social Security Act, 42 U.S.C. § 1381, et seq., finds that the Acting Commissioner's findings are supported by substantial evidence and, accordingly, affirms. See 42 U.S.C. § 405(g); Jesurum v. Sec'y of U.S. Dep't of Health & Human Servs., 48 F.3d 114, 117 (3d Cir. 1995); Williams v. Sullivan, 970 F.2d 1178, 1182 (3d Cir. 1992), cert. denied sub nom., 507 U.S. 924 (1993); Brown v. Bowen, 845 F.2d 1211, 1213 (3d Cir. 1988); see also Berry v. Sullivan, 738 F. Supp. 942, 944 (W.D. Pa. 1990) (if supported by substantial evidence, the Commissioner's decision must be affirmed, as a

federal court may neither reweigh the evidence, nor reverse, merely because it would have decided the claim differently) (citing Cotter v. Harris, 642 F.2d 700, 705 (3d Cir. 1981)).[1]

---

[1] Plaintiff argues that the Administrative Law Judge ("ALJ") erred by failing to weigh properly the medical opinions of Plaintiff's treating physician, Wesley Sowers, M.D., because he improperly rejected the opinions based on non-medical evidence that is not inconsistent with those opinions. The Court disagrees and finds that the ALJ properly evaluated Dr. Sowers' opinions, and that substantial evidence supports the ALJ's findings as well as his ultimate determination, based on all the evidence presented, of Plaintiff's non-disability.

The Court notes initially that it is well-established that "[t]he ALJ—not treating or examining physicians or State agency consultants—must make the ultimate disability and [residual functional capacity ("RFC")] determinations." Chandler v. Comm'r of Soc. Sec., 667 F.3d 356, 361 (3d Cir. 2011) (citing 20 C.F.R. §§ 404.1527(e)(1), 404.1546(c)). Moreover, "[t]he law is clear . . . that the opinion of a treating physician does not bind the ALJ on the issue of functional capacity." Brown v. Astrue, 649 F.3d 193, 197 n.2 (3d Cir. 2011). A treating physician's opinion is only entitled to controlling weight if it is "'well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the claimant's] case record.'" Fargnoli v. Massanari, 247 F.3d 34, 43 (3d Cir. 2001) (quoting 20 C.F.R. § 404.1527(c)(2)). "If, however, the treating physician's opinion conflicts with other medical evidence, then the ALJ is free to give that opinion less than controlling weight or even reject it, so long as the ALJ clearly explains [his] reasons and makes a clear record." Salles v. Comm'r of Soc. Sec., 229 Fed. Appx. 140, 148 (3d Cir. 2007).

In this case, the Court finds that the ALJ did not err in ultimately deciding to give little weight to the opinions of treating physician Dr. Sowers in formulating Plaintiff's RFC. Rather, the Court finds that the ALJ properly fulfilled his duty as fact-finder to evaluate fully the opinions of Dr. Sowers, considering various factors, and in light of all the evidence presented in the record. See 20 C.F.R. §§ 404.1527, 416.927.

As the ALJ emphasized in his decision, Dr. Sowers' opinions at issue here (two functional assessment reports, dated May 8, 2013 and June 17, 2015) found quite extreme limitations, including that Plaintiff cannot engage in full-time competitive employment on a sustained basis, and that Plaintiff has "no useful ability to function in numerous areas of mental functioning, including with respect to making simple work-related decisions, carrying out short and simple instructions, dealing with normal work stress and maintaining socially appropriate behavior." (R. 21-22). The Court notes at the outset that Dr. Sowers' opinions consist of forms containing primarily boxes to be checked and yes-or-no answers. (R. 793-97, 1031-35). The forms also include some short written answers, but those answers do not contain discussion of the doctor's findings, nor do they supply evidence to support those findings. The Court of Appeals for the Third Circuit has stated that "[f]orm reports in which a physician's obligation is only to check a box or fill in a blank are weak evidence at best." Mason v. Shalala, 994 F.2d 1058, 1065 (3d Cir. 1993).

In analyzing Dr. Sowers' assessments, the ALJ stated initially, "First, Dr. Sowers checks-off that the claimant cannot engage in full-time competitive employment on a sustained basis." The ALJ then appropriately explained that, because such a statement is not an opinion but is actually an administrative finding dispositive of the case, he gave "no special significance" to the opinions that Plaintiff cannot perform sustained work. (R. 22). See 20 C.F.R. §§ 404.1527(d)(3), 416.927(d)(3).

The ALJ continued on to explain that he was required to give controlling weight to the medical opinion of a treating physician "if it is well-supported by medically acceptable clinical and laboratory diagnostic techniques, and the opinion is not inconsistent with the other substantial medical and nonmedical evidence in the case record." (R. 22). The ALJ then analyzed the opinions, specifying first that Dr. Sowers found "very extreme" limitations that would lead one to believe that Plaintiff should be institutionalized, yet Plaintiff "has not been hospitalized since finishing his drug treatment at the beginning of 2010, and he was not even put into a partial hospitalization program, but rather has only followed a course of conservative treatment largely involving visits with a case manager and medication management." (R. 22). The ALJ further explained that Dr. Sowers' assessments were contradicted by his own mental status examinations—which the ALJ described in his decision—and which "are mostly normal, except for Dr. Sowers indicating that the claimant is sad and engages in self-pity." (R. 20-22).

The ALJ also commented that Dr. Sowers' opinion that Plaintiff cannot follow even simple instructions is contradicted by the extensive notes of his case manager. (R. 22). The ALJ stated that such notes include reference to Plaintiff taking steps to get housing and repairs, "stay[ing] on his attorney regarding his disability claim," helping his niece babysit and doing other side jobs, and otherwise completing self-directed activity. (R. 22). Further, the ALJ explained that Dr. Sowers' extreme assessments are undermined by the infrequency of his treatment of Plaintiff, as he only saw Plaintiff three times between 2011 and 2015. (R. 22). Finally, the ALJ noted that Dr. Sowers' extreme assessments of Plaintiff's mental functioning failed to account for Plaintiff being partially to blame for the extent of some of his symptoms since the record indicated multiple occasions when Plaintiff ran out of his medications or did not pursue the care recommended for him. (R. 22).

Plaintiff asserts specifically that this case should be remanded because the ALJ, in discounting Dr. Sowers' opinions, relied largely on non-medical evidence that does not actually contradict those opinions. For example, Plaintiff implies that, in considering Dr. Sowers' opinions, the ALJ improperly relied on certain evidence, such as Plaintiff's pursuit of housing and his social security disability claim. However, the Court finds that such references were appropriately cited in order to contradict Dr. Sowers' findings that Plaintiff could not engage in simple decision-making or follow simple instructions (as discussed, supra), and were not, as Plaintiff implies, cited in order to fault Plaintiff for seeking to protect his rights. Similarly, issues such as Plaintiff's failure to refill his medications or to pursue recommended care are relevant to contradicting Dr. Sowers' assessment of Plaintiff's extreme mental functioning limitations since Plaintiff could be seen as thereby contributing in part to some of his own symptoms. Thus, the Court concludes that, as discussed, supra, the ALJ relied on many different

Therefore, IT IS HEREBY ORDERED that Plaintiff's Motion for Summary Judgment (Doc. No. 15) is DENIED and Defendant's Motion for Summary Judgment (Doc. No. 17) is GRANTED.

s/ Alan N. Bloch
United States District Judge

ecf: Counsel of record

---

factors, both medical and non-medical—which he thoroughly discussed and properly evaluated—in ultimately deciding to give Dr. Sowers' opinions little weight.

Thus, upon close review of Dr. Sowers' opinions and the ALJ's evaluation thereof, along with the other evidence of record, the Court finds that the ALJ sufficiently explained his reasons for ultimately giving Dr. Sowers' opinions minimal weight, and that the ALJ properly considered those opinions in formulating Plaintiff's RFC. Accordingly, the Court affirms.